G. V. RICKSECKER, *Appellee*, v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF RENO, *Appellant.*

No. 16,677.

SYLLABUS BY THE COURT.

1. FEES AND SALARIES—*Probate Judge—Payment for Services Not Rendered.* Section 1 of chapter 339 of the Laws of 1903 contemplates that the salary therein provided shall be paid only after the performance of some service required by such section, and a peremptory writ of mandamus compelling the payment of such salary where no service has been performed is erroneous.

2. MANDAMUS—*Payment of Claim Reduced to Judgment.* Where a claim against a county has been reduced to judgment, and such judgment has become final, payment may be enforced by mandamus.

Appeal from Reno district court. Opinion filed November 5, 1910. Modified.

*James Hettinger*, county attorney, for the appellant; *E. T. Foote*, of counsel.

*Frank L. Martin*, for the appellee.

The opinion of the court was delivered by

GRAVES, J.: The appellee, G. V. Ricksecker, was probate judge of Reno county from January 11, 1905, to January 11, 1909. During the time he was so in office chapter 339 of the Laws of 1903 was in force. A part of section 1 of that chapter reads:

"In counties in which any permit or permits are issued and in force the probate judge shall receive, in addition to other compensation allowed by law, a salary at the rate of fifteen dollars per annum for each one thousand inhabitants in such county, during the time any permit or permits are in force in such county, which salary shall be in full compensation for all services rendered by the probate judge under this act."

During the time the appellee held the office of probate judge no permit was issued or in force in Reno county, and no services were rendered by him under the prohibitory law. The board of county commissioners denied liability for such salary or any part of it, and the appellee commenced an action against the county and recovered a judgment aggregating the sum of $554.98, including costs.

On March 2, 1909, the appellee made application for a writ of mandamus to compel payment of the judgment, and also the additional sum of $1008.15, these amounts being stated in different counts, the amount of the judgment in the first count and the additional salary in the second count. The court issued a peremptory writ as to the first count and an alternative writ as to the second count, the substance of the alternative writ being that the appellant examine the claim of the appellee and allow him such an amount as under the census at the time and the sum fixed by the statute was due him, not exceeding the aggregate sum of $1000 per annum, this being the limit fixed by law. The appellant filed an answer to the alternative writ alleging several defenses, among which were the following: (1) That the appellee performed no service and earned

no fees under the prohibitory law; (2) that the claim is in excess of the amount allowed by law. Upon the issues made by the pleadings a trial was had and the court made the alternative writ peremptory, and from this judgment the appellant brings the case here.

The judgment mentioned in the first count having become final, we think the writ was properly issued as to that claim, but it is urgently contended that the claim involved in the second count has been at all times denied by the appellant and the liability of the county therefor at all times disputed. It is also urged that because of this controversy mandamus was not a proper remedy. It is further claimed that the language of the statute which provides for the payment of this salary contemplates that it shall be paid only when actual service has been rendered as provided by the statute, and that its payment is limited to counties where a permit or permits exist. It is urged that these conditions must exist before the county will be liable for the payment of any salary under this statute.

It is claimed that this statute is unconstitutional, but we do not concur in this contention. Upon the whole case we find that the peremptory writ of mandamus issued upon the second count was improper and erroneous, and the judgment of the court is reversed so far as that writ is concerned, and so much of it as related to the judgment is affirmed, and the district court is directed to enter such judgment as under this conclusion will be proper. The costs are divided.